IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BINTOU BARRO, | ) | Case No. 3:26-cv-0854 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| MARKWAYNE MULLIN, *in his official* | ) | |
| *capacity as Secretary of the U.S. Dept. of* | ) | **ORDER** |
| *Homeland Security, et al.,* | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

On April 10, 2026, Petitioner Bintou Barro filed a petition for writ of habeas corpus by a person in federal custody by Immigration and Customs Enforcement ("ICE"). ECF 1. Petitioner has been in ICE custody since March 17, 2026, and is presently detained at the Corrections Center of Northwest Ohio. *Id.*, ¶¶ 1, 3. That same day, the Court ordered Respondents, in relevant part, to produce an arrest warrant signed by the District Director revoking Petitioner's release and directing her detention. ECF 4. Respondents timely filed their response on April 17, 2026. ECF 6.

In their response, Respondents provided the Court with a handful of immigration-related documents, including: a Notice of Revocation of Release and Alien Informal Interview (ICE Form 71-091) ("Revocation of Release"); a Warrant of Removal/Deportation (Form I-205) ("Warrant of Removal"); a Warrant for Arrest of Alien (Form I-200); and a Warning for Failure to Depart (Form I-229(a)). *See* ECF 6-1, 6-2.

Respondents argue that the Revocation of Release is valid because it was signed by Acting Field Office Director Kevin Raycraft. ECF 6, at 1-2. Respondents further argue that "[b]ecause

8 C.F.R. § 241.4(l)(2) delegates authority to revoke supervision to the 'district director,' which post-March 2003 includes field office director, the Notice of Revocation was signed by a person with proper authority." *See id.* at 2 (discussing 8 C.F.R. §§ 1.2 and 241.4(l)(2)). Though not explicitly stated, Respondents' brief suggests their position is that the Revocation of Release alone was sufficient to detain Petitioner at her ICE check-in on March 17, 2026. It would seem to be common sense that a separate arrest warrant is not required when the individual is already in the presence of ICE when their release is revoked. However, Petitioner is arguing that her detention is unlawful because "ICE detained her without notice or opportunity to be heard, on the decision of an individual without authority to do so, without findings required by law, and in violation of agency rules." ECF 1, ¶ 1. This necessarily implicates, in addition to questions of validity, the question of which document(s) are necessary to take Petitioner into custody—a question that has not yet been briefed by the parties.

Accordingly, the Court sets the following briefing schedule. Petitioner is DIRECTED to file, no later than **12:00pm on May 1, 2026**, a brief addressing: (1) whether Respondents needed both a valid Revocation of Release and a valid Warrant of Removal[1] to detain Petitioner, or just one of them; and (2) whether and how these forms were deficient such that Petitioner's detention is unlawful. Respondents are DIRECTED to file a response no later than **12:00pm on May 15, 2026**.

Additionally, the Court hereby ORDERS that an evidentiary hearing regarding the circumstances of Petitioner's detention, including which documents were needed and their

---

[1] The Court focuses its Order on the Warrant of Removal (Form I-205) only, and not the Warrant for Arrest of Alien (Form I-200), because all parties agree that the appropriate statute governing Petitioner's detention is 8 U.S.C. § 1231, rather than either section 1225 or section 1226. *Cf. Jennings v. Rodriguez*, 583 U.S. 281, 304 (2018) (emphasizing that detention under section 1226 has "a definite termination point" at the conclusion of removal proceedings); *Toma v. Adducci*, 535 F.Supp.3d 651, 656-57 (S.D. Mich. 2021) (observing that once there is a final order of removal, the Government must detain an individual pursuant to section 1231, and not section 1226 or section 1225). Since Form I-200 is for pre-removal detention, it cannot form a basis for Petitioner's detention under section 1231.

validity, be held on **May 26, 2026, at 1:30pm** in Courtroom 18B. Respondents are ORDERED to produce Petitioner so that she may attend the hearing in person. Respondents are FURTHER ORDERED to provide Petitioner with an interpreter for the Fulani language. *See* ECF 6-2, at 3 (stating that Petitioner was read the contents of Form I-200 "in the Fulani language," thereby suggesting that Respondents have an appropriate interpreter available). Petitioner and Respondents, in their respective briefs, should also identify which witnesses are necessary for the evidentiary hearing, so that there is adequate notice and time to ensure their appearance for testimony.

Finally, Respondents correctly note that this Court lacks the jurisdiction to prevent Respondents from effectuating Petitioner's final order of removal. *See* ECF 6, at 10-11 (discussing 8 U.S.C. § 1252(g), which states that "no court shall have jurisdiction to hear any cause or claim by . . . any alien arising from the decision or action by [ICE] to . . . execute removal orders against any alien"). Therefore, the Court AMENDS its previous injunction to note that Respondents are permitted to remove Petitioner from the Northern District of Ohio in order to effectuate her removal to Mauritania or Senegal, in accordance with the final order of removal. *See* ECF 6, at 10; ECF 1-3, at 13. However, Respondents are still enjoined from transferring Petitioner out of this District for any other purpose.

**IT IS SO ORDERED.**

Dated: April 17, 2026

*s/Dan Aaron Polster*
United States District Judge

3